# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CURT A. HIBDON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. CIV-08-144-SPS** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of the Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

The claimant Curt Hibdon requests judicial review pursuant to 42 U.S.C. § 405(g) of

the decision of the Commissioner of the Social Security Administration ("Commissioner")

denying his application for benefits under the Social Security Act. The claimant appeals the

decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred

in determining he was not disabled. For the reasons discussed below, the Commissioner's

decision is REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or mental

impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security

Act "only if his physical or mental impairment or impairments are of such severity that he

is not only unable to do his previous work but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take

---

[1]      Step one requires the claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to a listed impairment), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show he does not retain the residual functional capacity (RFC) to perform his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work he can perform existing in significant numbers in the national economy, taking into account the claimant's age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on February 28, 1968, and was 37 years old at the time of the administrative hearing. He has a high school education and previously worked as a construction laborer and fabrication laborer/helper. He alleges he has been unable to work since March 30, 2002, because of degenerative disc disease, nerve damage in his right side, anxiety and depression.

## Procedural History

On July 22, 2004, the claimant protectively filed an application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and an application for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Both applications were denied.[2] ALJ Michael Kirkpatrick conducted a hearing and determined the claimant was not disabled on October 4, 2006. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

---

[2] The claimant filed prior applications for benefits in 1997 and 2000. The ALJ noted in the decision that the claimant is not alleging disability prior to March 2002, so any discussion of evidence prior to this time was solely for historical purposes and not a reopening of any of the claimant's prior claims. *See Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990) (finding that the ALJ's decision not to reopen claimant's prior applications for benefits was discretionary and is not subject to judicial review under § 405(g)), *citing Califano v. Sanders*, 430 U.S. 99, 107-09 (1977).

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined

that the claimant retained the residual functional capacity ("RFC") to perform light work, *i.e.*,

lifting and/or carrying more than ten pounds frequently or more than twenty pounds

occasionally; standing and/or walking for more than six hours total during an eight-hour

workday; and sitting for more than six hours total during an eight-hour workday. The

claimant was further limited to work that required no more than occasional stooping (Tr. 20).

The ALJ concluded that although the claimant could not return to his past relevant work, he

was nevertheless not disabled because there was work he could perform existing in

significant numbers in the regional and national economies, *e. g.*, cashier, general cleaner,

and assembler (Tr. 25).

**Review**

The claimant contends that the ALJ erred: (i) by failing to properly weigh the opinion

of his treating physician Dr. Terry Lee, D.O.; (ii) by failing to make a proper RFC

determination; and, (iii) by failing to properly analyze his credibility. The Court finds the

claimant's first contention persuasive, *i. e.*, that the ALJ failed to properly analyze Dr. Lee's

opinion regarding the claimant's mental impairment.[3]

---

[3] The Court would note that the claimant does not directly challenge the ALJ's step-two finding that his mental impairments are not severe, but he instead focuses on the ALJ's rejection of Dr. Lee's opinion that the claimant has functional limitations caused by a mental impairment.

The record reveals that the claimant began seeing Dr. Lee in November 1996. The claimant was first noted to be suffering from depression and anxiety in May 1999. He was prescribed Xanax and Zoloft (Tr. 195). By September 1999, the claimant reported having trouble sleeping and that he had suffered "one real bad anxiety attack." Dr. Lee diagnosed him with chronic anxiety and refilled his Xanax (Tr. 193). He continued to receive refills of Xanax and was noted to be doing well on the medication in November 2001 (Tr. 188-92). In addition to his other medication, the claimant began taking Paxil. In May 2002, he reported it was helping him some (Tr. 183). By May 2003, the claimant continued to take his medications and was diagnosed with depression, anxiety and chronic pain syndrome (Tr. 170). Dr. Lee completed a mental status form for the claimant in September 2004. He noted the claimant's history of treatment for anxiety and depression and that he would require intermittent treatment for those conditions. He indicated the claimant could remember, comprehend and carry out simple instructions and that he "presently would not respond well to work pressure." He believed more formal testing would be necessary (Tr. 156). In progress notes, Dr. Lee further explained that although the claimant suffered from recurrent bouts of depression and chronic anxiety, he was "uncertain as to whether or not these problems are so severe as to preclude [the claimant] from being able to work." (Tr. 157). As of October 2005, the claimant continued to be prescribed Xanax and Paxil (Tr. 234-35).

The claimant's medical records were reviewed by non-examining agency psychologist C.M. Kampschaffer, Ph.D., in October 2004. He completed a Psychiatric Review Technique ("PRT") form evaluating the claimant for affective and anxiety-related disorders. He

determined the claimant had no degree of functional limitation related to a mental impairment. His conclusion was affirmed by Margaret McKinney, Ph.D., in January 2005 (Tr. 212-25).

The ALJ discussed Dr. Lee's opinion in the context of his discussion of the claimant's mental impairment. He mentioned that Dr. Lee prescribed the claimant Xanax and that he had determined the claimant would not respond well to work pressure. The ALJ discounted Dr. Lee's opinions because: (i) he did not opine the claimant was disabled; (ii) he noted no objective signs or findings of a mental health impairment; and, (iii) Dr. Lee had not referred the claimant for treatment by a mental health specialist. He ultimately concluded that the claimant's mental health impairment was not severe (Tr. 18-19). However, the ALJ's evaluation of Dr. Lee's opinion was deficient for several reasons.

First, the ALJ should not have rejected Dr. Lee's opinions because he did not conclude the claimant was disabled or unable to work. Questions of whether the claimant is disabled or unable to work are issues reserved to the Commissioner, *see* 20 C.F.R. §§ 404.1527(e)(1), (2), 416.927(e)(1), (2) (noting that opinions that claimant is disabled or that an impairment meets or equals the requirements of any impairment in the Listing of Impairments "are not medical opinions, as described in paragraph (a)(2) of this section, but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability."), and "[i]t therefore would be inconsistent with the regulations to require the doctor to state such a conclusion." *Bibbs v. Apfel*, 3 Fed. Appx. 759, 762 (10th Cir. 2001)

[unpublished opinion]; *see also id*. ("[T]he fact that none of the doctors may have stated directly that claimant is permanently disabled is legally irrelevant.").

Second, it was error for the ALJ to reject Dr. Lee's opinion because his "treatment records [showed no] objective signs or findings of a mental health impairment" and because he "ha[d] not referred [the] claimant for treatment by a mental health specialist (Tr. 19). With regard to mental impairments, "a psychological opinion may rest either on observed signs and symptoms or on psychological tests." *See*, *e. g.*, *Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) and *Langley v. Barnhart*, 373 F.3d 1116, 1122 (10th Cir. 2004) [citation omitted]. *See also Wise v. Barnhart*, 129 Fed. Appx. 443, 447 (10th Cir. 2005) ("[A] psychological opinion does not need to be based on 'tests;' those findings can be based on 'observed signs and symptoms.'") [unpublished opinion]. Thus, "[t]he practice of psychology is necessarily dependent, at least in part, on a patient's subjective statements." *Thomas v. Barnhart*, 147 Fed. Appx. 755, 759 (10th Cir. 2005) [unpublished opinion]. Further, the presence of a severe mental impairment is not dependent on treatment from a mental health specialist. *See*, *e. g.*, *Fleetwood v. Barnhart*, 211 Fed. Appx. 736, 739 (10th Cir. 2007) ("[W]e have found no case authority requiring [a claimant] to obtain medical treatment from [a specialist in the mental health profession] before an ALJ can find that she has a severe mental impairment.") [unpublished opinion].

Third, although the ALJ discussed Dr. Lee's opinion that the claimant "presently would not respond well to work pressure[,]" (Tr. 19, 156), he made no mention of Dr. Lee's finding that the claimant could remember, comprehend and carry out simple instructions (Tr.

156).  It was error for the ALJ to "pick and choose" between Dr. Lee's findings without any explanation.  *See*, *e. g.*, *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.") [citations omitted].  Instead, the ALJ should have discussed the evidence supporting his decision and explained his rejection of the evidence that did not.  *See*, *e. g.*, *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).  *See also Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003) (remanding "for the ALJ to articulate specific findings and his reasons for ignoring . . . evidence.").

Fourth, the ALJ indicated that instead of relying on Dr. Lee's opinion, he agreed with the state agency psychologists who found that the claimant had no functional limitations associated with a mental impairment and his impairment was not severe (Tr. 212-25).  But he failed to explain why he found opinions from non-examining agency psychologists preferable to those from the claimant's treating physician.  *See Robinson*, 366 F.3d at 1084 ("The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant

is entitled to the least weight of all.  Thus, the ALJ erred in rejecting the treating-physician opinion of Dr. Baca in favor of the non-examining, consulting-physician opinion of Dr. Walker absent a legally sufficient explanation for doing so."), *citing* 20 C.F.R. §§ 404.1527(d)(1),(2), 416.927(d)(1), (2); Soc. Sec. Rul. 96-6p, 1996 WL 374180, at *2.  *See also Hamlin v. Barnhart*, 365 F.3d 1208, 1223 (10th Cir. 2004) ("If an ALJ intends to rely on a nontreating physician or examiner's opinion, he must explain the weight he is giving to it."), *citing* 20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii).

Finally, the ALJ failed to perform an appropriate analysis of Dr. Lee's opinion under the treating physician rule.  He was required to determine whether Dr. Lee's opinions were entitled to controlling weight, *i. e.*, if the opinions were "'well-supported by medically acceptable clinical and laboratory diagnostic techniques . . . [and] consistent with other substantial evidence in the record[,]'" *Langley*, 373 F.3d at 1119, *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003), and even if they were not entitled to controlling weight, the ALJ was to determine the proper weight to give them by analyzing the factors set forth in 20 C.F.R. §§ 404.1527, 416.927.  *Id.* at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, '[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in §[§] 404.1527, [416.927].'"), *quoting Watkins*, 350 F.3d at 1300.  The pertinent factors are:  (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is

supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins*, 350 F.3d at 1300-01 [quotation marks omitted], *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). With the possible exception of the first, the ALJ failed to specifically address any of these factors.

Accordingly, the decision of the Commissioner is reversed and the case remanded to the ALJ for further analysis of Dr. Lee's opinions. If the ALJ subsequently determines that the claimant suffers from limitations related to a mental impairment, such limitations should be included in the claimant's RFC, and the ALJ should then redetermine what work, if any, the claimant can perform and ultimately whether he is disabled.

### Conclusion

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED** this 12th day of August, 2009.

_____ _____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**